IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH MARK,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES MASTELLER, District Court Judge of the Fourth Nebraska Judicial district, Douglas County, Nebraska; ANTHONY CLOWE, County Attorney, Douglas County Nebraska; THE UNNAMED APPEALS COURT JUDGE, Nebraska Appellate Court, responsible for the summary dismissal of Nebraska Appellate Court Case A-23-247; RICK " RICKY &Q SCHREINER, District Court Judge of the First Nebraska Judicial district, Johnson/Gage Counties, Nebraska; THE UNNAMED APPEALS COURT JUDGE, NEBRASKA APPELLATE COURT, responsible for the summary judgment of Nebraska Appellate court case A-24-346; MIKE HILGERS, Attorney General of The State of Nebraska; ELIZABETH ARTERBERRY, Director of Mental Health Nebraska Department of Correctional Services ( " NDCS "); LESLIE CAVANAUGH, Trial Counsel, of the Douglas County Nebraska Public Defender's Office; and MOLLY KEANE, Trial prosecutor; formerly of the Douglas County Prosecutor's Office, and who is now a District Court Judge in the 4th Nebraska Judicial District;<br><br>　　　　　Defendants. | 8:25CV745<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on what the Court construes as Plaintiff's motion requesting leave to proceed in forma pauperis ("IFP"), an injunction against the Nebraska Department of Correctional Services ("NDCS"), and the appointment of counsel. Filing No. 2. For the reasons that follow, each of Plaintiff's requests for relief will be denied without prejudice.

## I. REQUEST TO PROCEED IFP

In his motion, Plaintiff asks the Court to allow him to proceed IFP and refers to "included Affidavit and financial statements" in support of his request. Filing No. 2 at 1. While Plaintiff filed a copy of his institutional trust account statement with his motion, *see* Filing No. 3, Plaintiff did not file "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Thus, his motion does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis and will be denied without prejudice to re-filing. Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915.[1] Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

## II. REQUEST FOR INJUNCTION

Plaintiff next requests that the Court "enjoin the Nebraska Department of Correctional Services ('NDCS') and any other state agency, actor, or person, from taking any action against Plaintiff as 'retaliation' for filing this suit." Filing No. 2 at 1. Liberally construed, Plaintiff seeks a preliminary injunction preventing NDCS from subjecting him to "adverse treatment" "such as

---

[1] [1] If Plaintiff is granted leave to proceed IFP in this matter, he will be allowed to pay the Court's $350 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). He would not be subject to the $55.00 administrative fee assessed to non-IFP plaintiffs. Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b).

suddenly determining he is no longer eligible for Protective Custody ('PC'), denial of medical care, [or] moving him to 'the hole.'" Filing No. 2 at 1.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion. In *Dataphase*, the Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

Here, Plaintiff fails to make any showing that he faces a threat of irreparable harm as the potential adverse treatment he seeks to enjoin is merely speculative at best. Indeed, Plaintiff states he has been in protective custody for his entire time in state custody, his PC status was renewed for another year in November, and he has "never been sent to 'the hole' for disciplinary reasons." Filing No. 2 at 1. On these allegations, Plaintiff has not established any threat of irreparable harm, and his request for a preliminary injunction is denied.

### III. APPOINTMENT OF COUNSEL

Lastly, Plaintiff requests that the Court appoint him counsel to "aid him in litigation" because he is indigent and his incarceration hinders his ability to litigate his claims and collect evidence. Filing No. 2 at 1. Plaintiff is also concerned that NDCS may search and seize his legal papers at any time, may lose or "accidentally discard[]" his papers, and "official documents that may be

used as evidence will be destroyed if they are sent to him" due to NDCS' policy to photocopy all legal mail and shred the originals. Filing No. 2 at 2.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as Plaintiff appears able to adequately present his claims and the filing or sending of any evidentiary materials is not an issue at this early stage of litigation. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 F. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Thus, the Court declines to appoint counsel at this time. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion, Filing No. 2, is denied as follows:

4

      a.    Plaintiff's request to proceed in forma pauperis is denied without prejudice to reassertion in a motion to procced IFP that complies with 28 U.S.C. § 1915.

      b.    Plaintiff's request for a preliminary injunction is denied without prejudice.

      c.    Plaintiff's request for appointment of counsel is denied without prejudice to reassertion.

2.    Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3.    The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4.    The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **February 5, 2026**: Check for MIFP or payment.

Dated this 6th day of January, 2026.

BY THE COURT:

*John M. Gerrard* (signature)

John M. Gerrard
Senior United States District Judge